1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALTON JEFFERSON, | ) | 1:13-cv-00035-LJO-BAM (PC) |
| | ) | |
| Plaintiff, | ) | SCREENING ORDER DISMISSING FIRST |
| | ) | AMENDED COMPLAINT AND |
| v. | ) | GRANTING LEAVE TO AMEND |
| | ) | (ECF No. 5) |
| MEDLEY, et al., | ) | |
| | ) | THIRTY-DAY DEADLINE |
| Defendants. | ) | |
| | ) | |
| | ) | |

**First Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff Alton Jefferson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's first amended complaint, filed on February 11, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at Mule Creek State Prison in Ione, California. The events in his complaint are alleged to have occurred at Pleasant Valley State Prison. Plaintiff names (1) LVN A. Medley, (2) LVN M. Springer, (3) LVN Sely and (4) Dr. Jardini as defendants in their individual and official capacities.

Plaintiff alleges as follows: Plaintiff has been diagnosed with severe peripheral poly neuropathy, diabetes mellitus, hepatitis C, Cocci (valley fever) and other physical ailments. On December 21, 2010, after suffering from night sweats, chills, fatigue, weight loss, joint pain and chest pain, Plaintiff was taken to the medical clinic. It was determined that he suffered from pneumonia while being diagnosed with tuberculosis and coccidioidomycosis (valley fever virus). Following Plaintiff's diagnosis of valley fever, he was transported to Twin Cities Hospital where he received treatment for fifteen days. Plaintiff was subsequently discharged to Pleasant Valley State Prison.

Since becoming diabetic, Plaintiff has been diagnosed with peripheral neuropathy. He continues to experience numbness and swelling in his feet, ankles, legs and hand, along with dizziness and impaired vision. In January of an unstated year, a neurologist determined that Plaintiff suffered from severe neurological damage, causing a lack of mobility, severe numbness, swelling and pain in his feet, ankles and legs.

On January 25, 2011, Plaintiff saw Dr. Jardini, his primary care physician, for complaints of continued swelling in Plaintiff's legs and ankles, including a lack of mobility due to severe neurological damage. After considering the reports and recommendations of the neurologist, Dr. Jardini requested blood tests and a kidney assessment. Dr. Jardini ordered Plaintiff a wheelchair for two months.

When Dr. Jardini called Plaintiff regarding his blood tests, Dr. Jardini informed Plaintiff that the tests were no good, but never rescheduled him for the severity of his ailments. Plaintiff also did not receive the physical therapy recommended by Dr. Jardini.

On February 18, 2011, Plaintiff was scheduled to see Dr. Jardini. It was raining and Plaintiff requested that he wait in his wheelchair to see Dr. Jardini in the clinic's waiting/holding room. Correctional Officer Dutra denied the request. After Dr. Jardini was informed of Plaintiff's request, Dr. Jardini told Nurse Laiva and Correctional Officer Dutra that if Plaintiff did not come see him, then he would take Plaintiff's wheelchair.

During Plaintiff's visit with Dr. Jardini, Dr. Jardini stated that staff was concerned about the duration of Plaintiff having the wheelchair and Plaintiff would be transferred to another facility to accommodate his medical issues. Plaintiff informed Dr. Jardini that he would be willing to give up his wheelchair if he was provided with physical therapy. Dr. Jardini agreed.

At some point between February 18 and March 10, 2011, Plaintiff's wheelchair was taken away. Plaintiff was given a walker without therapy to gain his strength.

On February 23, 2011, Plaintiff was denied his insulin shots by medical staff, including other medication. When Plaintiff inquired, custody staff informed Plaintiff that medical refused to bring it to Plaintiff because Plaintiff could walk on his own to receive his medication and insulin shots.

From February 23 to February 27, 2011, Plaintiff was denied his insulin shots and other medication.  After Plaintiff complained, he was informed that medical would not bring him his insulin shots and he would have to come on his own to receive them.

Plaintiff asserts that Defendants Springer, Sely and Medley were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment (1) for failing to provide Plaintiff with physical therapy before taking his wheelchair and (2) for refusing to give him insulin shots for five (5) days.

Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

### III.   Deficiencies of Complaint

As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable Eighth Amendment claim.  Plaintiff will be given leave to amend his complaint.  To assist Plaintiff in amending his complaint, the Court provides the following pleading and legal standards that apply to his claims.

### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint does not clearly set forth the factual allegations underlying his claims.  Plaintiff fails to describe specific actions taken by the different defendants in violation of his constitutional rights.  If Plaintiff elects to amend his complaint, he must set forth factual allegations against each defendant sufficient to state a claim.

///

### B.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In his complaint, Plaintiff fails to clearly link Defendants Springer, Sely and Medley to the factual allegations underlying his Eighth Amendment cause of action.  As a practical matter, Plaintiff does not discuss or identify Defendants Springer, Sely and Medley in his statement of facts.  Further, with regard to Defendant Jardini, Plaintiff does not identify him in his Eighth Amendment cause of action.  If Plaintiff chooses to amend his complaint, he must link each named defendant with some affirmative act or omission that demonstrates a violation of his rights.

### C.  Official Capacity and Eleventh Amendment

Plaintiff may not bring suit for money damages against Defendants in their official capacities. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir.2007).  A suit against a state official in his official capacity equates to a suit against the state employing that official, Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), effectively barring a plaintiff from bringing suit on these grounds. However, the Eleventh Amendment does not bar a suit for monetary damages against a state

official sued in his individual capacity. Id. Accordingly, Plaintiff may not bring a claim for damages against Defendants in their official capacities.

**D.  Declaratory Relief**

In addition to damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**E.  Injunctive Relief**

Plaintiff seeks injunctive relief for the provision of his medication.  However, Plaintiff is no longer incarcerated at Pleasant Valley State Prison.  A request for injunctive relief becomes moot if a prisoner is transferred. Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2 007) (citing Johnson v. Moore, 948 F.2d 517, 510 (9th Cir.19 91) (per curiam)); Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin from harming him).  There is no indication that Plaintiff expects to be transferred back to Pleasant Valley State Prison.  Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1996).

**F.  Eighth Amendment - Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096; <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. <u>Simmons</u> v. Navajo County, Ariz., 609 F.3d 1011, 1018 <u>(9th Cir. 2010)</u>. "Deliberate indifference is a high legal standard." <u>Id.</u> at 1019; <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

<u>Defendant Jardini</u>

Although Plaintiff names Dr. Jardini as a defendant, the basis of Plaintiff's claim against Dr. Jardini is not clear.  As alleged, Dr. Jardini examined Plaintiff on more than one occasion, ordered tests, provided Plaintiff with a wheelchair and recommended physical therapy.  Plaintiff has failed to establish that Dr. Jardini was deliberately indifferent to Plaintiff's medical needs.  In other words, Plaintiff has not alleged that Dr. Jardini failed to adequately respond to Plaintiff's medical needs.  Plaintiff will be given leave to cure this deficiency to the extent that he is able to do so.

<u>Defendants Sely,</u>

Plaintiff first asserts that Defendants Springer, Sely and Medley were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment for failing to provide Plaintiff with physical therapy before taking his wheelchair.  However, Plaintiff fails to allege any facts demonstrating the Defendants Springer, Sely and Medley were responsible for providing physical therapy, knew of any recommendation for such therapy or otherwise link them to the purported failure to receive therapy.

Plaintiff also asserts that Defendants Springer, Sely and Medley refused to give Plaintiff insulin shots for five (5) days.  As with his other claim against these Defendants, Plaintiff fails to link them to the alleged failure.  Put another way, Plaintiff fails to allege facts sufficient to establish that Defendants Springer, Sely and Medley were responsible for providing Plaintiff

with insulin shots or were the medical personnel denying Plaintiff insulin shots.  A review of Plaintiff's exhibits indicates that Plaintiff refused his insulin and medications by not showing up to receive them or by refusing to leave his cell.  (ECF No. 5, pp. 23-30.)  There is no indication that Plaintiff could not leave his cell.  Furthermore, when a prisoner alleges a delay in receiving medical treatment, he must also allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985).  Plaintiff has not alleged that the five day delay in receiving his insulin shots and medication resulted in further injury.

## IV.   Conclusion and Order

As stated above, Plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and does not state a cognizable claim.  The Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's first amended complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 11, 2014**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE