# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALTON JEFFERSON, | ) | 1:13-cv-00035-LJO-BAM (PC) |
| Plaintiff, | ) ) | SCREENING ORDER DISMISSING SECOND AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND |
| v. | ) ) | (ECF No. 15) |
| MEDLEY, et al., | ) ) | THIRTY-DAY DEADLINE |
| Defendants. | ) ) | |

## I. Screening Requirement and Standard

Plaintiff Alton Jefferson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 12, 2014, the Court dismissed Plaintiff's first amended complaint and granted Plaintiff leave to amend within thirty days. Plaintiff's second amended complaint, filed on March 12, 2014, is currently before the Court for screening.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

---

[1] Plaintiff's second amended complaint is missing the first page of the section 1983 complaint form. This neither affects the substance of Plaintiff's claims nor results in any prejudice to Plaintiff on screening.

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.      Plaintiff's Allegations**

Plaintiff is currently housed at Mule Creek State Prison in Ione, California.  The events in his complaint are alleged to have occurred at Pleasant Valley State Prison.  Plaintiff names (1) Dr. Jardini, (2) LVN A. Medley, (3) LVN M. Springer, and (4) LVN Sely as defendants.

Plaintiff alleges as follows:

> It started on a ducated visit on 2-18-11 with Dr. Jardini who conspired with clinics correctional staff to take away my wheelchair he himself prescribed for me for a duration of two (2) months because of severe pain that I incurred from severe neuropathy (he diagnosed twice) and swelling also from Valley Fever. Even when a try was made to get out of wheelchair, failed because of severe pain making me fall.  When I was pushed back to the clinic to inform Dr. Jardini he

> refused to see me for examination to see sufficient time for healing was not up yet and by his alleged recommendation I was left to suffer a worse condition on a walker. Explaining this to LVN Springer, LVN Medly and LVN Sely (that I could not make it up to the clinic because of continued pain and swelling) that I would need them to bring my insulin and medications, they told me no because the Dr. (Jardini) said I could walk, thus denying me medical attention and medication which cause me to have an imbalance severely in my walk and forgetfulness as well as a worsen state of neuropathy, etc. Each day I complained about my pain & inability to walk again denied.

(ECF No. 15, p. 2.)

Plaintiff further alleges:

> Defendant Dr. Jardini caused my balance to become an imbalance when he knew and diagnosed me with severe neuropathy <u>twice</u> as my neuropathy was worsened by the cocci virus of the Valley Fever for which he recommended and prescribed me with a wheelchair for the period of two (2) months. On 2-18-11 during a visit to check my condition, he expressed his decision was for me to maintain my stay in the wheelchair, but under his voice that the … custody wanted me out to avoid a transfer; in conspiracy with custody. When I fell from the severe pain trying to stand and walk, I was caught, set back in the wheelchair, taken back to the yard clinic requesting to see Dr. Jardini, who refused to come out and see me as I called out for him with my cellmate as staff c/o's was preventing me. [¶] LVN Medly was informed of this by me and that I was in pain seriously as she was delivering meds to the buildings. Then LVN Medley said that the Dr. meaning Jardini said "that I could walk." Being a protocol, she refused to at least call for me a wheelchair and also refused to give me my insulin knowing that I am a chronic care diabetic and other meds prescribed. [¶] LVN Springer responded the same as LVN Medley. LVN Sely also. [¶] Five days I suffered severe pains in my body and brain. And now I have severe nerve damages and an imbalance in both legs, hips and feet. And a greater deficiency in my immune system.

(ECF No. 15, p. 3.)

Plaintiff seeks compensatory and punitive damages.

### III.  Deficiencies of Complaint

As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable Eighth Amendment claim. Plaintiff will be given one final opportunity to amend his complaint. To assist Plaintiff in amending his complaint, the Court provides the pleading and legal standards that apply to his claims.

3

Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint does not clearly set forth the factual allegations underlying his claims. His threadbare recitals of the factual allegations underlying his complaint make it difficult to understand. Further, Plaintiff fails to provide a clear statement of the actions taken by the different defendants in violation of his constitutional rights. For example, Plaintiff cannot merely state, "LVN Springer responded the same as LVN Medley. LVN Sely also." (ECF No. 15, p. 3.) This is not sufficient. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each defendant sufficient to state a claim.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning

of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In his complaint, Plaintiff fails to clearly link Defendants Springer and Sely to the factual allegations underlying his claim. If Plaintiff chooses to amend his complaint, he must link each named defendant with some affirmative act or omission that demonstrates a violation of his rights.

### C. Eighth Amendment - Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Defendant Jardini

Plaintiff alleges that Defendant Jardini conspired with correctional staff to take his wheelchair, which resulted in Plaintiff falling and having an imbalance in his hips, legs and feet. However, in his first amended complaint, signed under penalty of perjury, Plaintiff alleged that, during a visit with Defendant Jardini, Plaintiff informed Defendant Jardini that he was willing to give up his wheelchair. Plaintiff also alleged that he was provided a walker. Based on Plaintiff's

5

Case 1:13-cv-00035-LJO-BAM   Document 16   Filed 04/04/14   Page 6 of 8

allegations, the Court explained that Plaintiff was unable to demonstrate that Defendant Jardini acted with deliberate indifference or that Defendant Jardini failed to respond to Plaintiff's medical needs.  Now, in his second amended complaint, Plaintiff leaves out any mention of his agreement regarding the wheelchair and makes only a passing reference to the walker.  Instead, Plaintiff suggests that Defendant Jardini conspired with correctional officers to remove his wheelchair.

Given Plaintiff's prior statements, he cannot now state a claim by simply omitting key facts.  If Plaintiff chooses to amend, he must do so only in good faith and explain how Defendant Jardini's actions or treatment decisions were deliberately indifferent.  Plaintiff's mere disagreement regarding the proper course of treatment is not sufficient to state a cognizable Eighth Amendment claim.  <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff also is reminded of his obligation under Federal Rule of Civil Procedure 11(b). Rule 11(b) states that by presenting a pleading to the Court, an attorney or unrepresented party certifies to the Court that the filing is not being presented for any improper purpose and that the factual contentions have, or will have, evidentiary support.  If Plaintiff fails to comply with his obligations under the Federal Rules and the Local Rules of this Court, sanctions may be imposed, including the dismissal of this action.

<u>Defendants Medly, Sely, and Singer</u>

Plaintiff appears to allege that Defendants Medly, Sely and Singer refused to provide him with a wheelchair based on a doctor's report that Plaintiff could walk.  As the doctor's report did not recommend a wheelchair, Defendants' decision not to provide Plaintiff with a wheelchair does not constitute deliberate indifference.  Plaintiff's mere disagreement with the course of treatment does not rise to the level of a constitutional violation.  <u>Sanchez</u>, 891 F.2d at 242.

With regard to the denial of medications, Plaintiff appears to allege that Defendants Medly, Sely and Springer refused to give him insulin and medications at his cell for five days.  In conjunction with his first amended complaint, however, Plaintiff submitted exhibits indicating that he refused his insulin and medications by not showing up to receive them or by refusing to

leave his cell. However, there was no indication that Plaintiff could not leave his cell. Plaintiff now omits those exhibits altogether.

As noted above, Plaintiff should be mindful of his obligations under Federal Rule of Civil Procedure 11. Plaintiff should amend his complaint only if he believes he can do so in good faith. If Plaintiff chooses to amend, he must explain why he refused his insulin and medications by not showing up to receive them or by refusing to leave his cell. The Court notes that Plaintiff also has failed to establish that he could not leave his cell during the time period in question or how he was able to obtain medication after the five days.

### IV. Conclusion and Order

As stated above, Plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and does not state a cognizable claim. The Court will provide Plaintiff with a final opportunity to amend his complaint and to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's second amended complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint; and

4. <u>If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **April 4, 2014**                               /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE