# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON JEFFERSON,<br><br>       Plaintiff,<br><br>  v.<br><br>MEDLEY, et al.,<br><br>       Defendants. | 1:13-cv-00035-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>FOURTEEN-DAY DEADLINE |

### I.  Screening Requirement and Standard

Plaintiff Alton Jefferson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 12, 2014, the Court dismissed Plaintiff's first amended complaint and granted Plaintiff leave to amend within thirty days. Plaintiff filed a second amended complaint on March 12, 2014. On April 4, 2014, the Court dismissed Plaintiff's second amended complaint and granted Plaintiff leave to amend within thirty days. Plaintiff's third amended complaint, filed on April 25, 2014, is before the Court for screening.  (ECF No. 17.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Mule Creek State Prison in Ione, California. The events in his complaint are alleged to have occurred at Pleasant Valley State Prison. Plaintiff names (1) Dr. Jardini, (2) LVN Springer, (3) LVN Medley, and (4) LVN Sely as defendants.

Plaintiff alleges as follows:

> [Plaintiff] asserts that defendant Dr. Jardini knew that [plaintiff] would suffer serious pain and A possible debilitation/impairment if forced to walk on his already painful and swollen calves, ankles and feet as he was the one who twice diagnosed him with severe diabetic peripheral neuropathy and prescribed him the wheelchair for A two month period after returning from the hospital for the Cocci Virus (known as the Valley Fever, A virus that with an already weakened immune

system could damage the limbs, etc . . ) [¶] Yet per request of custody/staff my wheelchair was wrongfully taken about less than A months [sic] time when I plaintiff made an earnest attempt to warn Dr. Jardini that I tried. Before the hospital and after plaintiff had requested therapy treatment from this Dr. and A previous to no avail before trying A Walker that custody was influencing Dr. Jardini to place me in. [¶] Now as to each of these L.V.N's (Springer, Medley and Sely) for five days as these nurses came in and out of the building I lived I told them of my pain and swelling, neither of them responded to examine me but stated "that I could walk," which I told them THAT I could not because of the serious pain and swelling, yet they still denied me/plaintiff, my insulin and medications knowing that I am a Chronic Care, High Risk inmate who has been falling out due to very low and high sugar levels which also can cause serious pain and other perilous injuries, this to [sic]was known.

(ECF No. 15, p. 3.)

Plaintiff seeks compensatory and punitive damages.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint does not contain a short and plain statement of his claims. Although short, Plaintiff does not set forth a plain statement of his allegations against each defendant. Plaintiff also fails to provide sufficient factual matter to state a claim for relief that is plausible on its face. Plaintiff has been previously informed of these deficiencies, but has been unable to set forth factual allegations against each defendant sufficient to state a claim.

#### B. Eighth Amendment - Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

1091, 1096 (9th Cir.2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096; <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." <u>Id.</u> at 1019; <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

<u>Defendant Jardini</u>

Plaintiff appears to allege that custodial staff was influenced by Dr. Jardini and Plaintiff's wheelchair was taken away. Plaintiff has not alleged that Dr. Jardini acted with deliberate indifference or failed to respond to Plaintiff's medical needs. At best, Plaintiff alleges that Dr. Jardini gave him a walker. Plaintiff's mere disagreement regarding the proper course of treatment is not sufficient to state a cognizable Eighth Amendment claim. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

Moreover, in his first amended complaint, Plaintiff alleged, under penalty of perjury, that he informed Dr. Jardini he was willing to give up his wheelchair and was then provided with a walker. Upon screening his second amended complaint, the Court cautioned Plaintiff that he could not simply omit facts in order to state a cognizable claim. As before, Plaintiff leaves out any mention of his agreement regarding the wheelchair and makes only a passing reference to the walker. Instead, Plaintiff suggests that correctional officers influenced Plaintiff's placement in a walker. This is not sufficient to state a cognizable claim against Dr. Jardini.

///

///

<u>Defendants Medly, Sely, and Singer</u>

Plaintiff appears to allege that Defendants Medly, Sely and Springer refused to give him insulin and medications at his cell for five days. In conjunction with his first amended complaint, however, Plaintiff submitted exhibits indicating that he refused his insulin and medications by not showing up to receive them or by refusing to leave his cell. However, there was no indication that Plaintiff could not leave his cell. As with his second amended complaint, Plaintiff now omits those exhibits from his complaint.

Nonetheless, Plaintiff's allegation that he was denied insulin and medication for five days does not state a cognizable deliberate indifference claim. Although deliberate indifference can be manifested by prison officials intentionally delaying access to medical care or interfering with the treatment once prescribed, <u>Estelle</u>, 429 U.S. at 104–05, the delay must also lead to further injury or be somehow harmful, <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985). Here, Plaintiff does not allege that he suffered any harm from the brief disruption in his insulin and medications. Instead, Plaintiff alleges that he is a "Chronic Care, High Risk inmate who has been falling out due to very low and high sugar levels which also can cause serious pain and other perilous injuries, this to [sic] was known." (ECF No. 17, p. 4.) Plaintiff's general assertions regarding his condition are not sufficient to demonstrate harm from the lack of insulin or some other unidentified medications.

**IV. Conclusion and Order**

Plaintiff's second amended complaint fails to state a cognizable section 1983 and fails to satisfy Rule 8 of the Federal Rules of Civil Procedure. As Plaintiff has been unable to cure the deficiencies previously identified by the Court despite multiple attempts, further leave to amend shall not be granted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED based on Plaintiff's failure to state a cognizable section 1983 claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may

file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 1, 2014**          /s/ Barbara A. McAuliffe
                               UNITED STATES MAGISTRATE JUDGE